OPINION
SLOVITER, Circuit Judge.
Appellant Malverse Giles pled guilty, pursuant to a written plea agreement, to distribution and possession with intent to distribute cocaine and 50 grams or more of cocaine base. Giles’ counsel filed an An-ders brief and Giles, as permitted in An-ders cases, also filed a pro se brief.
Under Anders, if, after review of the district court record and a conscientious investigation, counsel is convinced that the appeal presents no issue of arguable merit, counsel may properly ask to withdraw while filing a brief referring to anything in the record that might arguably support the appeal. See Anders v. California, 386 U.S. 738, 741-42, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In an Anders case, appellant’s counsel must “satisfy the court that he or she has thoroughly scoured the record in search of appealable issues” and then “explain why the issues are frivolous.” United States v. Marvin, 211 F.3d 778, 780 (3d Cir.2000).
In order to fulfill our obligation to decide whether to accept counsel’s Anders brief and permit counsel to withdraw, we review not only the brief itself but the record on appeal, in particular the colloquy held by the District Court to determine whether the guilty plea was entered knowingly and voluntarily, and whether the defendant’s waiver of his right to indictment was knowing and voluntary.
Neither the Anders brief nor Giles’ pro se brief challenges the guilty plea or the conviction. Instead, Giles focuses his challenge to the sentence. We therefore turn to the calculation of Giles’ Guideline sentence. Because of the amount of drugs, the offense had a base level of 38 plus two levels for possession of a firearm under U.S.S.G. § 2D1.1(b)(1). The presentence investigation report (PSR) categorized Giles as a career offender and recommended that Giles had a Sentencing Guideline Range of 360 months to life. At the sentencing hearing, the parties stipulated and the Court accepted that the drug weight was appropriate but that the firearm enhancement did not apply. Counsel for Giles objected that his criminal history was over-represented, focusing particularly on the age of his prior conviction. The District Court adopted the PSR but agreed with Giles that his criminal history was overstated and reduced Giles’ criminal history from VI to V and declined to assess him as a career offender. The Court also granted the Government’s motion for a two-level reduction pursuant to U.S.S.G. § 5K1.1 for acceptance of responsibility.
*569 Giles argued for a sentence below the Guideline range but the District Court found that Giles’ Sentencing Guideline range was 235 to 293 months of imprisonment, and sentenced him to 235 months incarceration, a sentence at the bottom of the Guideline range and a five-year period of supervised release.
Giles argued in the District Court and argues here that his co-conspirators were sentenced to lower jail time, with co-defendant Redd sentenced to 108 months and codefendant Thomas sentenced to 139 months. However, it is evident that their criminal histories were far different from that of Giles. Redd had no prior criminal record and therefore was in a criminal history category of I and Thomas had a criminal history category of III but cooperated with the Government from the day of his arrest and even to the sentencing proceeding against Giles. In light of the significant difference in their prior criminal record, the District Court neither erred nor abused its discretion in sentencing Giles to a longer term of imprisonment. Nothing in § 3553 precludes the Court from taking the differences between defendants into consideration. The District Court explained its sentence and application of § 3553 on the record.
Much of Giles’ pro se brief is really directed to claims of ineffective assistance of counsel. Such claims cannot be heard on direct appeal but must be raised, if at all, on a collateral attack. Finding nothing to suggest that there was an abuse of discretion or that the District Court erred, for the reasons set forth we -will affirm the judgment of conviction and sentence and grant counsel’s motion to withdraw.